CLARK, J.
Reuben Alexis appeals his conviction of aggravated assault with a firearm. The sole issue before the Court is whether Alexis validly waived his trial attorney’s potential conflict of interest due to the joint representation of Alexis and a code-fendant. Based upon this Court’s holding in Lee v. State, 690 So.2d 664 (Fla. 1st DCA 1997), we conclude that because the trial court’s inquiry was legally insufficient, Alexis’ waiver of his attorney’s potential conflict was invalid. Such a finding requires reversal and remand for a new trial. Subsequent to their arrests, both Alexis and his codefendant were tried together and represented by the same attorney. The issue of a potential conflict of interest due to the joint representation was raised at a pretrial hearing.
DEFENSE COUNSEL: And by the way Judge, since both young men are here, I discussed with them a possible conflict of interest here cause of the facts. Terry Guerrier, though wants me to continue to be his attorney; because he emphatically denies ever making the statement to law enforcement. So I think that would take it out of the conflict. But I told him it was his call. And he’s in the courtroom, but he’s told me he wants me to continue to represent both of them. And Mr. Alexis says the same thing.
PROSECUTOR: And, Your Honor, for 3850 purposes, could we inquire of the defendants to make sure that there is no conflict, and that they waive any possible conflict by being represented by the same counsel?
COURT: Okay. Let’s bring them on up, then. And which one is this?
DEFENSE COUNSEL: This is Terry Guerrier, Your Honor.
MR. GUERRIER: Terry Guerrier.
COURT: Mr. Guerrier, and this then must by [sic] Mr. Alexis.
MR. ALEXIS: Reuben Alexis.
COURT: Okay. And the State Attorney does want to make sure that you don’t come back later; and file a claim and say Mr. Harrison was ineffective, because he was representing you with a conflict. But you heard what he just said, Mr. Harrison?
MR. GUERRIER: Yes, sir.
COURT: And knowing that there’s that potential conflict, both of you still want him to be your attorney?
MR. GUERRIER: Yes, Sir.
MR. ALEXIS: Yes, Your Honor.
COURT: Okay. Is that okay?
PROSECUTOR: That should be sufficient, Your Honor.
COURT: Okay.
DEFENSE COUNSEL: Thank you, Judge.
Alexis now argues his waiver was invalid. We agree.
“When defense counsel makes a pretrial disclosure of a possible conflict of interest with the defendant, the trial court must either conduct an inquiry to determine whether the asserted conflict of interest will impair the defendant’s right to the effective assistance of counsel or appoint separate counsel.” Lee, 690 So.2d at 667 (citing Holloway v. Arkansas, 435 U.S. 475, 484, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978)). A defendant may however validly waive a conflict by “clear, unequivocal, and unambiguous language.” Id. Our supreme court has mandated three requirements to show a waiver of conflict: the record must show the defendant (1) was aware of the conflict of interest, (2) realized the conflict could affect the defense, and (3) knew of the right to obtain other counsel. Id. (quoting Larzelere v. State, 676 So.2d 394, 403 (Fla.1996)). Each of these require *619 ments is independent of the others and essential. Id. Without each, a defendant’s waiver of his right to conflict-free counsel is not voluntary. Id.
In this case, when defense counsel disclosed his possible conflict of interest the trial court became legally obligated to either conduct an inquiry or appoint separate counsel. Here, the court made an attempt at an inquiry. Yet it was not sufficient. The trial court’s inquiry must address the three requirements of Lee: the defendant (1) was aware of the conflict of interest, (2) realized the conflict could affect the defense, and (3) knew of the right to obtain other counsel. It is the trial judge’s responsibility to conduct this three-part inquiry.
The record here shows the court failed to inquire into the second and third requirements — whether Alexis knew his defense could be affected by his attorney’s potential conflict or that he had the right to obtain other, conflict-free counsel. Further, an examination of the rest of the record does not reveal that Alexis had independent knowledge of these prior to making his waiver. As such, because the inquiry here was legally insufficient, Alexis’ resulting waiver was invalid. Therefore, the trial court erred in determining that Alexis voluntarily waived his right to conflict-free counsel.
“[EJrror in accepting a waiver of the right to conflict-free counsel cannot be excused as harmless error on direct appeal.” Id. at 668. When, as here, Alexis “preserve[d] the conflict issue by raising it before trial and [did] not validly waive the conflict, the trial court’s failure to conduct an inquiry ... requires that the resulting conviction be reversed.” Id. at 668-69. Due to the trial court’s error in accepting his invalid waiver of conflict-free counsel, Alexis’ conviction is REVERSED and the ease is REMANDED for a new trial.
VAN NORTWICK, J., concurs, and WOLF, J., concurring with opinion.